## In the Matter of Evelyn PITSCHKE.

### No. 282S55.

Supreme Court of Indiana.

Nov. 22, 1983.

Duge Butler, Jr., Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for the Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Supreme Court of Indiana and Evelyn Pitschke, the Respondent herein, have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Disciplinary Action.

This Court has examined the agreement and now finds that Evelyn Pitschke is a member of the Bar of the State of Indiana and maintains an office for the practice of law in Indianapolis, Indiana.

The Respondent was retained by David Mobley to represent him in a post dissolution of marriage contempt proceeding. During the time that the Respondent represented Mobley, she also had business dealings with him and gave him an apartment in which to reside, her purpose being to limit her insurance rates. David Mobley had opened a book store known as "Paula's Comic Book Supermarket". The Respondent gave him several rare comic books to sell and loaned him sums of money. During that time the Respondent continued to consult with Mobley in an attorney-client capacity.

Pursuant to an agreement between Mobley and his former wife, he had custody of his daughter, Paula Sue Mobley. He was to return the child to her mother on or before 6:00 P.M., Monday, March 16, 1981. On Sunday, March 15, Mobley delivered the child to his aunt, Mrs. Jane Baker who was to care for the child until Mobley returned on Monday.

On the evening of Sunday, March 15, 1981, the Respondent attempted several times to contact Mobley in order to determine if the above-mentioned comic books had been sold by him. The Respondent then telephoned Jane Baker and, upon being advised that Paula Sue was in the aunt's care and that the aunt had not heard from Mobley, the Respondent advised Jane Baker that David Mobley had some money and valuable comic books which belonged to the Respondent and that he might be considering taking these, kidnapping the child and disappearing. On the following day, Monday, March 16, 1981, the Respondent spoke with Mobley by telephone, and he informed her that he had been out on a date and was returning home. Still suspicious, the Respondent left instructions that the aunt, Jane Baker, bring the child to Respondent's office. Jane Baker delivered Paula Sue to Respondent's office that afternoon. Thereafter, Mary Shidler, David Mobley's sister, demanded that Respondent turn Paula Sue over to her client's family, but the Respondent refused.

The child's mother, Sue Wright, contacted the Respondent that afternoon, but did not request the return of the child that evening. However, on Tuesday morning, March 17, Sue Wright went to the Indianapolis Police Department and spoke with Sgt. George Grant who contacted the Respondent and requested that she return Paula Sue to her mother. The Respondent made arrangements to do so and on March 17, that same morning, the Respondent released the child to the child's mother at the Indianapolis Police Department Headquarters.

In light of the foregoing findings we conclude that the Respondent has engaged in misconduct. She allowed her personal financial interests to interfere with her professional obligations. By her conduct, the Respondent abused her position as an attorney and adviser and failed to exercise objective professional judgment.

In accordance with the agreement of the parties, this Court now finds that the agreed to discipline, a public reprimand, is appropriate under the circumstances of this case.

Accordingly, the Respondent, Evelyn Pitschke, is hereby reprimanded and admonished for her misconduct in this matter.

Costs of this proceeding are assessed against the Respondent.