**In the Matter of Evelyn PITSCHKE.**

**No. 49S00–9108–DI–640.**

Supreme Court of Indiana.

Jan. 19, 1994.

Duge Butler, Jr., Butler Brown & Blythe, Indianapolis, for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

*PER CURIAM*

Evelyn Pitschke, the Respondent herein, was charged by a single count complaint with violating Rule 1.16(a)(3) of the *Rules of Professional Conduct,* by failing to withdraw from a case after being discharged and Rule 8.4(c), by engaging in conduct involving dishonesty, deceit and misrepresentation. A hearing officer appointed by this Court pursuant to Admission and Discipline Rule 23 heard the evidence, submitted his Findings of Fact and Conclusions of Law, and the case is now before us for final adjudication.

The Respondent was admitted to the practice of law in Indiana in June, 1945. In May, 1989, Eileen Jennings retained Respondent to represent her in a divorce proceeding, paying Respondent $255 retainer fee without a written fee agreement. The Respondent filed the case, and it was venued to Morgan County. Jennings paid Respondent an additional $500. In January, 1990, Respondent suffered an aneurism and was unavailable in her office for most of the next eight months. On June 6, 1990, Respondent's office left a message for Jennings indicating that a scheduled court date had been canceled and that Jennings owed an additional $600.

On June 29, 1990, Jennings wrote to Respondent stating that she should withdraw her appearance, and, on July 23, 1990, Jennings reaffirmed her demand by a certified letter terminating the attorney-client relationship.

The Respondent, however, did not withdraw, remained on the case until October 3, 1990, and attempted to appear at the final hearing.

In her "Petition for Review", the Respondent offers several explanations for her conduct: that Respondent feared the client was acting under duress from the husband and his attorney; that Respondent feared for the client's minor daughter; and that Respondent did not feel she had been validly discharged until she appeared at final hearing to determine whether the client had obtained other counsel. Respondent's claims are self-serving, wholly unsubstantiated and fail to convince us that there was any legitimate doubt that the client wanted Respondent off her case. We, thus, conclude that the findings clearly and convincingly establish that Respondent engaged in the charged misconduct.

In assessing an appropriate sanction for such misconduct, we note that the Respondent was disciplined by this Court on three previous occasions,[1] twice by private reprimands and once by a public reprimand. The misconduct exhibited in this particular instance caused unnecessary distress to a client who was already in an inherently stressful situation, a divorce proceeding. Were this a single, isolated incident, this Court would be amenable to view it more in the nature of an inappropriately zealous representation. However, Respondent's repeated acts of misconduct convince us that she fails to grasp a proper understanding of the professional standards imposed on members of the Bar. In light of this, we find that a brief period of suspension is warranted in this case.[2]

It is, therefore, ordered that Evelyn Pitschke is hereby suspended from the practice of law for a period of sixty (60) days, beginning February 21, 1994.

Costs of this proceeding are assessed against the Respondent.

1. In the *Matter of Evelyn Pitschke*, Case Number 479 S 96, "Order Approving Conditional Agreement and Imposing Private Reprimand," (Indiana Supreme Court, April 13, 1980); *Matter of Pitschke* (1983), Ind., 455 N.E.2d 943; *In the Matter of Evelyn Pitschke*, Case Number 1185 S 464, "Order Accepting Conditional Agreement and Imposing Private Reprimand," (Indiana Supreme Court, May 31, 1988).

2. American Bar Association *Model Standards for Imposing Lawyer Sanctions*, Standard 9.2, lists prior disciplinary offenses, pattern of misconduct, multiple offenses, refusal to acknowledge wrongful nature of conduct, and vulnerability of the victim as five of eleven aggravating factors to be considered in the assessment of sanctions.